IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **SERGAWE A. GETACHEW,** * | |
| * | |
| **Plaintiff,** * | |
| * | **Civil No. TMD 15-2132** |
| v. * | |
| * | |
| * | |
| **NANCY A. BERRYHILL,** * | |
| **Acting Commissioner of Social Security,** * | |
| * | |
| **Defendant.**[1] * | |
| ************ | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Sergawe A. Getachew seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 16).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

for Summary Judgment (ECF No. 16) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

Plaintiff was born in 1962, has a college education, and previously worked as a convenience store clerk, convenience store manager, and customer service representative.  R. at 15, 22, 185.  Plaintiff protectively filed an application for DIB on December 19, 2011, and for SSI on December 31, 2011, alleging disability beginning on December 4, 2009, due to back and shoulder injury, high blood pressure, diabetes, blurred vision, kidney pain, and a broken ankle.  R. at 10, 154-64, 184, 231.  The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 52-103, 106-13.  On February 27, 2014, ALJ Thomas Mercer Ray held a hearing at which Plaintiff and a vocational expert ("VE") testified.  R. at 18-51.  At the hearing, Plaintiff amended his alleged onset date of disability to November 19, 2012.  R. at 48-50, 182.  On May 15, 2014, the ALJ issued a decision finding Plaintiff not disabled from the amended alleged onset date of disability of November 19, 2012, through the date of the decision.  R. at 7-17.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on June 12, 2015.  R. at 1-6.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On July 22, 2015, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was

reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

**A.    State Agency Medical Consultants**

On March 5, 2012, a state agency medical consultant, Navjeet Singh, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 57-59, 64-66. Dr. Singh opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 57-58, 64-65. Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. R. at 58, 65. He frequently could climb ladders, ropes, and scaffolds. R. at 58, 65. Plaintiff had no manipulative, visual, communicative, or environmental limitations. R. at 58, 65.

On November 5, 2012, another state agency consultant, A.R. Totoonchie, M.D., again assessed Plaintiff's physical RFC. R. at 76-78, 89-91. Dr. Totoonchie opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 76, 89. Dr. Totoonchie opined that Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. R. at 77, 90. He frequently could climb ladders, ropes, and scaffolds. R. at 77, 90. Although he was visually limited in his left eye because of a failed corneal transplant, Plaintiff had no manipulative, communicative, or environmental limitations. R. at 77, 90.

B.  **Hearing Testimony**

   1.  **Plaintiff's Testimony**

The ALJ reviewed Plaintiff's testimony in his decision:

> [Plaintiff] has alleged disability due to vision problems, ankle pain, chest pain, and diabetes.  At the hearing, [Plaintiff] testified that his left eye vision has not improved, despite two surgeries.  He also experiences recurrent chest pain and heart palpitations, after having had two surgeries.  He takes nitroglycerine for chest pain about three to four times per week.  Side effects of his medications include nausea, fatigue, and blurred vision.  His ankle pain makes it difficult to walk long distances, and he has to wear a special shoe, or a lightweight shoe.

R. at 13; *see* R. at 22-39.

   2.  **VE Testimony**

The VE testified that a hypothetical person with Plaintiff's same age, education, and work experience who had the RFC outlined in Part III below could perform Plaintiff's past work. R. at 42-43.  That person also could perform the unskilled, light jobs of packer and packaging worker, ticket taker, or grading and sorting worker.[3]  R. at 43-44.  A person limited to standing and/or walking for two hours in an eight-hour workday would be limited to sedentary work and would not be able to perform Plaintiff's past work.[4]  R. at 45.

---

[3] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."  20 C.F.R. §§ 404.1568(a), 416.968(a).  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  *Id.* §§ 404.1567(b), 416.967(b).

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. §§ 404.1567(a), 416.967(a).  "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  *Id.*

III

**Summary of ALJ's Decision**

On May 15, 2014, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the amended alleged onset date of disability of November 19, 2012; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was able to perform his past relevant work as a convenience store clerk, convenience store manager, and customer service representative; and (5) could perform other work in the national economy, such as a packer/packing worker, ticket taker, or grading and sorting worker. R. at 12-16. The ALJ thus found that he was not disabled from November 19, 2012, through the date of the decision. R. at 16.

> In so finding, the ALJ found that Plaintiff had the RFC
>
> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for six hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday; push and/or pull (including the operation of hand and/or foot controls) as much as he can lift and/or carry; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and frequently use his field of vision, far acuity, depth perception, and accommodation.

R. at 13. The ALJ also considered Plaintiff's credibility and found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 13.

## IV

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff first contends that the ALJ should have found him conclusively disabled under rule 201.10 of the Medical-Vocational Guidelines (the "grids"). *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.10. Grid rule 201.10 applies to individuals limited to sedentary work who are closely approaching advanced age (fifty to fifty-four years) and who have at most a limited education and no transferable skills from previous skilled or semi-skilled work. *Id.* Plaintiff has a college education, however, and the ALJ found that he could perform light work. R. at 13, 22.

Plaintiff does not argue that the ALJ erred in determining that he had the RFC to perform light work. Plaintiff's argument in this regard thus is without merit. *See Payne v. Astrue*, No. 2:10-00113, 2012 WL 266939, at *11 (M.D. Tenn. Jan. 9, 2012) ("Furthermore, because the ALJ determined that Plaintiff was able to perform work at a medium exertional level, Rules 201.09 and 201.10 of Table 1 of the Grid are inapplicable to the instant case as they pertain to sedentary work."), *report and recommendation adopted*, No. 2:10-0113, 2012 WL 266888 (M.D. Tenn. Jan. 30, 2012).

Plaintiff also asserts that evidence of his visual impairment resulting from a corneal transplant warrants remand. A "mere diagnosis . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). Rather, "[t]here must be a showing of related functional loss." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam). In any event, the ALJ found Plaintiff's loss of visual acuity to be a severe impairment at step two of the sequential evaluation process but then found that he frequently could use his field of vision, far acuity, depth perception, and accommodation. R. at 12, 13. Plaintiff does not demonstrate how the evidence to which he refers would have supported additional limitations that would have changed the ALJ's findings at steps four and five. Because Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014), his contention in this regard also is unavailing.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: March 27, 2017                                     /s/
                                                         Thomas M. DiGirolamo
                                                         United States Magistrate Judge